BRUCE A. YOUNG, ESQ.
181 Hudson Street, #1A
New York, New York 10013
Phone: (212) 965-0050

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------

FELIX VEGA                                                                    COMPLAINT

                    Plaintiff,                      2005 Civ.

    vs.
                                                                              PLAINTIFF DEMANDS
LARRY FOX, individually, and as caseworker with YASL          A TRIAL BY JURY
(Young Adult Supportive Living Program) of AUGUST
AICHHORN CENTER FOR ADULT RESIDENTIAL CARE,
INC.; PAUL GREEN, individually, and as Site Supervisor with
YASL of the AUGUST AICHHORN CENTER FOR ADULT
RESIDENTIAL CARE, INC.; MR. "JOHN" WASHINGTON,
individually, and as caseworker with YASL of the AUGUST
AICHHORN CENTER FOR ADULT RESIDENTIAL CARE,
INC.; MICHAEL PAWEL, individually, and as Director of August
Aichhorn Center for Adult Residential Care, Inc.; CARMEN L.
TORRES, individually, and as Administrative Director of YASL of
AUGUST AICHHORN CENTER FOR ADULT RESIDENTIAL
CARE, INC.; ROGER YOUNGER, individually, and as Case
Manager of YASL of AUGUST AICHHORN CENTER FOR
ADULT RESIDENTIAL CARE, INC.; AUGUST AICHHORN
CENTER FOR ADULT RESIDENTIAL CARE, INC.; WILLIAM
BELL, individually, and as Commissioner of the Administration for
Children's Services of the City of New York; SARAH LOGAN-
LACO, individually, and as caseworker with for the Administration
for Children's Services of the City of New York; OLGA
KOLMANODSKY, individually, and as caseworker with for the
Administration for Children's Services of the City of New York;
MARIE SANTIAGO, individually, and as caseworker with for the
Administration for Children's Services of the City of New York;
JEFFREY ANDERSON, individually, and as supervisor for the
Administration for Children's Services of the City of New York;
CITY OF NEW YORK; NAOMI VALLON, individually, and as
Coordinator of Independent Living After Care Services of the
Jewish Board of Family and Children's Services; JEWISH BOARD
OF FAMILY AND CHILDREN SERVICES, INC.
Defendants.
-------------------------------------------------------------------------

      Now comes the Plaintiff FELIX VEGA, by his attorney Bruce A. Young, Esq., and files

this Complaint against the Defendants in their individual and official capacity and thereby

respectfully shows the Court as follows:

## I.

## PRELIMINARY STATEMENT

1.  This is a civil rights action in which Plaintiff seeks damages to redress the deprivation,

under color of state law, of rights secured under the First, Fourth, Fifth and Fourteenth

Amendments to the United States Constitution. Plaintiff also appends state statutory and

common law claims.  Plaintiff is an individual who, while he was placed in foster care through

the City of New York and its contracting agencies, suffered serious physical injuries.  The

Plaintiff's injuries were caused by the improper supervision of the Defendants.  The Defendants

acted negligently, grossly negligently, recklessly and with deliberate indifference and gross

disregard of the Plaintiff's constitutional, statutory and common law rights.  The infant Plaintiff

brings this action against the foster care agency's officials and employees who improperly

supervised him in a foster group home and failed  to protect him from his assailant.

## II.

## JURISDICTION

2.  Jurisdiction is conferred on this court by 28 U.S.C. 1343(3) and (4), which provide for

original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. 1983.  Jurisdiction is

also conferred on this court by 28 U.S.C. 1331(a) because the case arises under the Constitution

and the laws of the United States.  Pursuant to 28 U.S.C. 1367, this court has pendent jurisdiction

over Plaintiff's state law claims.

## III.

## PARTIES

3. At all times mentioned herein, FELIX VEGA was, since infancy, detained by the CITY OF NEW YORK and its agents and employees within the New York City foster care system. He was involuntarily removed from his parent and natural guardian and made dependent upon the CITY OF NEW YORK for his direct care, supervision, guidance and control. FELIX VEGA curently resides in Elizabeth, New Jersey.

4. Defendant LARRY FOX is sued individually and as a caseworker with the AUGUST AICHHORN CENTER FOR ADULT RESIDENTIAL CARE in their YOUNG ADULT SUPPORTIVE LIVING PROGRAM (hereinafter YASL) which contracts with Defendant CITY OF NEW YORK and its Administration for Children's Services.

5. Defendant PAUL GREEN is sued individually and is a Site Supervisor with YASL of AUGUST AICHHORN CENTER FOR ADULT RESIDENTIAL CARE, INC.

6. Defendant MR. "JOHN" WASHINGTON (first name "JOHN" being unknown and fictitious) is sued individually and as  caseworker with YASL of AUGUST AICHHORN CENTER FOR ADULT RESIDENTIAL CARE, INC.

7. Defendant MICHAEL PAWEL is sued individually and as the Director of the AUGUST AICHHORN CENTER FOR ADULT RESIDENTIAL CARE, INC. and its YASL program.

8. Defendant CARMEN L. TORRES is sued individually and as Administrative Director of YASL of AUGUST AICHHORN CENTER FOR ADULT RESIDENTIAL CARE, INC.

9. Defendant ROGER YOUNGER is sued individually and as Case Manager of YASL of AUGUST AICHHORN CENTER FOR ADULT RESIDENTIAL CARE, INC.

10.  Defendant AUGUST AICHHORN CENTER FOR ADULT RESIDENTIAL CARE, INC. is a facility that provides foster care and services in contract with the CITY OF NEW YORK and its Administration for Children's Services, and at all times mentioned herein, it is a not-for-profit corporation organized under the laws of the State of New York with a principal place of business in New York, New York.  The AUGUST AICHHORN CENTER FOR ADULT RESIDENTIAL CARE, INC. provides various programs services including the YOUNG ADULT SUPPORTIVE LIVING PROGRAM which is known as YASL (hereinafter referred to as YASL).

11.  Defendant WILLIAM BELL is sued individually and as the former Commissioner of the Administration of Children's Services, a division of the Defendant CITY OF NEW YORK, the entity responsible for the delivery of foster care services through its contractors and foster group homes for children who are residing in foster care, and as such were responsible for the direct oversight and supervision of the services provided by the other Defendants including the AUGUST AICHHORN CENTER FOR ADULT RESIDENTIAL CARE, INC. YASL program.

12.  Defendant SARAH LOGAN-LACO is sued individually and as caseworker with the Administration for Children's Services of the City of New York.

13.  Defendant OLGA KOMANODSKY is sued individually and as caseworker with the Administration for Children's Services of the City of New York.

14.  Defendant MARIE SANTIAGO is sued individually and as caseworker with the Administration for Children's Services of the City of New York.

15.  Defendant JEFFREY ANDERSON is sued individually and as supervisor with the Administration for Children's Services of the City of New York.

16.  Defendant CITY OF NEW YORK is the entity responsible for the direct care,

control and supervision of the Plaintiff FELIX VEGA through its Administration for Children's Services and its other agencies that it contracts with and is the entity responsible for the delivery of foster care services through its contractors and foster home group homes for children residing in foster care.  It as such responsible for the direct oversite and supervision of any and all services provided for by the other Defendants including AUGUST AICHHORN CENTER FOR ADULT RESIDENTIAL CARE, INC. and its program YASL, and the JEWISH BOARD OF FAMILY AND CHILDREN SERVICES, INC. and its program Hawthorne Cedar Knolls.

17.  Defendant CITY OF NEW YORK encompasses the Administration for Children's Services which has the responsibility for the provision of investigating and providing services to children, adolescents and young adults through age 21 and families in need, including direct care of shelter, medical care, supervision, security, and once assuming care as a non-delegable duty to provide such care to the recipients who are intended to receive the benefit thereof.

18.  The acts and omissions of the CITY OF NEW YORK Defendants described herein are carried out pursuant to the policies and customs of the CITY OF NEW YORK and reflect its decision policies and practices adopted and promulgated by the CITY OF THE NEW YORK.

19.  Defendant NAOMI VALLON is sued  individually and as Coordinator of Independent Living After Care Services of the JEWISH BOARD OF FAMILY AND CHILDREN'S SERVICES.

20.  Defendant JEWISH BOARD OF FAMILY AND CHILDREN SERVICES, INC. is a facility that provides foster care and services in contract with the CITY OF NEW YORK and its Administration for Children's Services, and at all times mentioned herein, it is a not-for-profit corporation organized under the laws of the State of New York with a principal place of business in New York, New York.  The JEWISH BOARD OF FAMILY AND CHILDREN'S SERVICES

provides various programs services including its program Hawthorne Cedar Knolls.

## STATEMENT OF FACTS

21.  Plaintiff FELIX VEGA was born on March 24, 1984.  He was involuntarily detained by the CITY OF NEW YORK and the Defendants in foster care.  He brings this action in his own individual capacity for the serious personal physical injuries and violations of his civil rights.

22.  Plaintiff FELIX VEGA, while an infant, was involuntarily removed from his parents and detained in foster care by the Defendant CITY OF NEW YORK and its agents.

23. Plaintiff was detained by the AUGUST AICHHORN RESIDENTIAL TREATMENT FACILITY, INC. and its Young Adult Supportive Living Program (YASL).

24. Plaintiff was also detained by other foster group homes, including the JEWISH BOARD OF FAMILY AND CHILDREN SERVICES, INC. and its program Hawthorne Cedar Knolls.

25. During the time that FELIX VEGA was involuntarily detained and in the custody of the CITY OF NEW YORK, they and their agents owed a non-delegable duty to provide safety, shelter, security, medical attention and other direct services to plaintiff while he resided in foster care.

26.  Prior to December 15, 2003, Plaintiff FELIX VEGA was placed in foster care through the CITY OF NEW YORK and the AUGUST AICHHORN CENTER FOR ADULT RESIDENTIAL CARE, INC. in its YASL program.

27.  While FELIX VEGA  was placed in foster care with the CITY OF NEW YORK and the AUGUST AICHHORN CENTER FOR ADULT RESIDENTIAL CARE, INC. in its YASL

program, the defendants, FOX, GREEN, WASHINGTON, PAWEL, TORRES, YOUNGER,

AUGUST AICHHORN, BELL, LOGAN-LACO, KOLMANODSKY, SANTIAGO,

ANDERSON, CITY OF NEW YORK, VALLON, and JEWISH BOARD failed to properly

supervise FELIX VEGA and other members of the group home he resided in and failed to

properly supervise its contract agency AUGUST AICHHORN CENTER FOR ADULT

RESIDENTIAL CARE, INC. and its YASL program.

     28. At all times mentioned herein, the CITY OF NEW YORK and its agency, the

Administration for Children's Services, and the AUGUST AICHHORN licensed and relicensed

private foster homes and group homes and contracted with AUGUST AICHHORN for the

provision for foster care.

     29. Upon information and belief, the Defendants BELL, LOGAN-LACO,

KOLMANODSKY, SANTIAGO, ANDERSON, CITY OF NEW YORK, failed to properly

supervise and monitor the activities and provisions of foster care services by the AUGUST

AICHHORN, and their agents and employees, FOX, GREEN, WASHINGTON, PAWEL,

TORRES, YOUNGER, AUGUST AICHHORN.

     30. Upon information and belief, the Defendants CITY OF NEW YORK, and AUGUST

AICHHORN had actual knowledge or had constructive knowledge that Plaintiff FELIX VEGA

was being improperly supervised in the foster group home but took no action or took

inappropriate steps to remedy the improper supervision.

     31. But for the improper supervision by Defendants  FOX, GREEN, WASHINGTON,

PAWEL, TORRES, YOUNGER, AUGUST AICHHORN, BELL, LOGAN-LACO,

KOLMANODSKY, SANTIAGO, ANDERSON, CITY OF NEW YORK, VALLON, and

JEWISH BOARD the plaintiff would not have suffered the serious violations of his basic civil

rights and would not have suffered serious personal injury.

32.  Plaintiff FELIX VEGA was taken by ambulance from 311 West 112th Street Hospital complaining of a broken right arm, right humerus, because of the improper supervision by said defendants that allowed his arm to be broken under their direct supervision on December 16, 2003 at approximately 4:30 p.m. at 311 West 112th Street at the YASL (Young Adult Supportive Living Program) run by the AUGUST AICHHORN CENTER FOR ADULT RESIDENTIAL CARE, INC. who contracted with Defendant NEW YORK CITY Administration for Children's Services.

33. On or about December 16, 2003 at approximately at 4:00 p.m. a group meeting at the YASL residential center took place.  The following events occurred:  Present at the meeting were the Plaintiff FELIX VEGA, resident Joseph Quinones and other residents, staff and employees of the defendant AUGUST AICHHORN CENTER FOR ADULT RESIDENTIAL CARE, INC. including defendant LARRY FOX, who was conducting the meeting, and defendant PAUL GREEN and defendant MR. "JOHN" (first name unknown) WASHINGTON.

34.  During the meeting on December 16, plaintiff FELIX VEGA raised his fears and concerns about inadequate security for his person and property at the group home residence. Plaintiff complained that the door to his room had been broken several weeks before, and Defendants AUGUST AICHHORN failed to repair the door or make his room secure.

35. Defendants FOX, GREEN, and WASHINGTON took no steps to make his room secure.

36. Plaintiff complained that a gift from his sister, a piece of jewelry, was stolen from his room because of the inadequate security.  Plaintiff complained that his person was not secure.

37.  On December 16, 2003, at 311 West 112th Street, a resident, Joseph Quinones, (who

was known by the defendants to have a known propensity for violent and assaultive behavior, and who was improperly placed in the Young Adult Supportive Living Program group home), came across the room and began to physically strike, punch, and assault Plaintiff FELIX VEGA.

38.  At said time and place, despite the presence of three staff members, Defendants FOX, GREEN, and WASHINGTON,  no employee of AUGUST AICHORN or the CITY OF NEW YORK intervened to restore order or provide security or protect plaintiff FELIX VEGA from the wild, uncontrolled behavior of Joseph Quinones.

39.  Instead of restraining Quinones or assisting Plaintiff, defendant LARRY FOX, the Program Director of the YASL program, pushed a table aside to provide more room and opportunity for Quinones to go wild and assault Plaintiff.  At that time, Defendant FOX cynically said: "Let them fight until the police come."

40.  Because Defendant FOX moved the table, and because defendants FOX, GREEN, and WASHINGTON failed to restrain or prevent Quinones from continuing to injure Plaintiff, .the Plaintiff FELIX VEGA received serious personal injuries.

41.  Because none of the staff members, Defendants GREEN, WASHINGTON, or FOX, sought to intervene or to create order or safety for the residents, including Plaintiff FELIX VEGA, despite their duty to provide such security in the residential home, the plaintiff FELIX VEGA was punched, struck, and thrown against a table during the assault by Joseph Quinones.

42. Plaintiff FELIX VEGA's right arm made contact with the edge of the table, that had been moved by Defendant LARRY FOX, as he landed after being thrown during the assault by Joseph Quinones.

43. The resulting impact resulted in serious physical injury, causing immediate pain and suffering and requiring immediate ambulance transportation to the hospital, emergency surgery,

medication, a period of total disability, followed by a period of partial disability including physical therapy, surgery, medication, splints, and cast.

44. Defendants FOX, GREEN and WASHINGTON knew, or should have known Joseph Quinones' propensity for violence and should have had training to intervene and provide order and security for the residents.

## DAMAGES

45. Because of the aforesaid violations of law and violations of Plaintiff FELIX VEGA's civil rights and common law rights by the defendants, the Plaintiff FELIX VEGA suffered damages and violations of his civil rights and personal injuries including: serious physical injury, assault, battery,  improper supervision, inadequate guardianship, serious  personal injuries, extreme psychological injuries, mental anguish, terror, severe pain, suffering, anxiety, fear, depression, sleeplessness, nightmares, shock, necessitating medical treatment, including ambulance, hospitalization, x-rays, medication, surgery, and physical therapy.

46. Plaintiff continues to suffer severe pain, numbness, restricted motion, reduced strength, pain and suffering.  Plaintiff requires continuing and future medical treatment; physical therapy and surgery which will continue into the foreseeable future.

47. Plaintiff remained at St. Luke's Hospital from December 16, 2003 through December 20, 2003.

48. Plaintiff FELIX VEGA suffered a right humerus fracture.

49. On December 17, 2003 FELIX VEGA underwent surgery for his right arm fracture.

50. Radiological examination confirmed a right middle to distal third spiral humerus fracture with medial comminution.  Plaintiff suffered numbness within his first right hand dorsal web indicating injury to the radial nerve.

51.  His symptoms, including severe pain, did not improve.

52.  The Plaintiff underwent surgery at St. Luke's-Roosevelt Hospital for an open reduction internal fixation of the right humerus fracture.  He lost approximately 75 cc's of blood, received I.V. fluids, and underwent anesthesia and pre-operative antibiotics.

53.  The operation continued with an incision from the humerus head to the fascia.  The radial nerve was identified and retracted out of the operative field.  The fracture was hematoma was irrigated and suctioned.  The fracture was reduced into an anatomical order.  Clamps were applied to hold fixation.

54.  A 3.5 millimeter screw was placed in the bone to hold fixation.  The fracture clamp was then removed.  A 4.5 plate was then placed to the lateral and anterior aspects of the humerus.  The nerves were retracted out of fixation of the plate.  The plate was clamped to the humerus.  A 3.2 millimeter drill was used to drill holes into the bone and fixate the plate to the bone with the 4.5 millimeter screws both proximally and distally on the left side of the fracture site.  Six cortices were obtained distally and Six-and-a-half cortices were obtained proximally.

55.  The wound was then washed with saline solution.  10 cc's of grafton demineralized bone matrix was placed into the fracture site.  The skin was closed using staples.  The Plaintiff was placed into a coaptation splint.

56.  Upon discharge from the St. Luke's-Roosevelt Hospital, Plaintiff was required to wear the right arm coaptation splint and the right forearm splint and was directed to receive outpatient occupational therapy and physical therapy program for his right shoulder elbow and his right wrist.

57.  The Plaintiff did receive occupational therapy and physical therapy.

58.  More than a year after the injury and after surgery, Plaintiff has undergone extensive

physical therapy and occupational therapy during which time he continued to be treated for the

humerus fracture.  He also was treated for radial nerve palsy.

59.  Plaintiff continues now to complain of numbness over the dorsum of his right thumb.

Plaintiff's range of motion of his right elbow is limited.

60. Plaintiff FELIX VEGA has been damaged in the amount of THREE  MILLION

DOLLARS ($3,000,000.00).

## FIRST CLAIM

61.  Paragraphs 1 through 60 are realleged and incorporated by reference herein.

62.  The Plaintiff FELIX VEGA had a constitutional right to be free of unjustified

intrusions on his personal security in the form of physical and psychological abuse, while in

government custody, in foster care.

63.  Defendants CITY OF NEW YORK improperly authorized AUGUST AICHORN to

be licensed or certified as a foster group home.

64.  Defendant AUGUST AICHHORN and/or CITY OF NEW YORK involuntarily

detained and placed the Plaintiff FELIX VEGA in a dangerous situation when they placed him in

the AUGUST AICCHORN /YASL group home.

65.  Defendants failed to protect the Plaintiff FELIX VEGA from abuse and neglect while

he was in foster care.

66.  By improperly investigating and improperly licensing or certifying AUGUST

AICHORN as a foster group home and placing FELIX VEGA in the YASL and failing to

adequately supervise the Plaintiff in the foster group home, and failing to protect the Plaintiff

from assualt and serious physical injury, Defendants AUGUST AICHHORN and the CITY OF

NEW YORK were deliberately indifferent to the Plaintiff's health and safety and were

deliberately indifferent to a serious and imminent risk of harm to the Plaintiff, and failed to

exercise professional judgment and instead departed from their exercise of acceptable

professional judgment and abused their power as foster care officials.

67. Defendants CITY OF NEW YORK knew or should have known that there was a

serious problem with child abuse in the foster care system and in the CITY OF NEW YORK.

68. Defendants CITY OF NEW YORK knew or should have known that Defendant

AUGUST AICHHORN had a practice of failing to hire, retain and supervise their employees and

staff adequately and failed to protect foster children in their care from harm.

69. Defendants (a) maintained a policy of deliberate indifference to the type of care that

children received in foster homes; and (b) instructed their employees that they had no obligation

to supervise children or ensure the children's safety and (b) failed to develop or implement

programs to ensure that foster care employees  provided proper supervision for foster children;

and (c) failed to develop or promulgate guidelines and procedures for the selection and

supervision of foster care workers, to eliminate or exclude those foster care workers who pose a

danger to children's welfare or who neglect or abuse children; and (d) failed to develop or

implement procedures or guidelines for the protection of foster children in foster group homes.

70. Defendant  knew or should have known that these failures to act could lead to

violations of the constitutional rights of children in foster care.

71. As a result of the failures of the aforementioned Defendants, Plaintiff was subjected

to assault and serious physical injury while in foster care.

72. By reason of their acts and omissions, Defendants acting under color of state law in

gross and wanton disregard of the Plaintiff's rights, deprived Plaintiff of his liberty, privacy, and

of his right to be free from unjustified intrusions on his personal security, in violation of the 4th,

5th and 14th Amendments to the United States Constitution.

73.  By reason of the foregoing, Plaintiff suffered serious physical injury, severe pain and suffering, and other physical and mental injuries in violation of his civil rights.  Said injuries are ongoing and may be permanent.

## SECOND CLAIM

74. Paragraphs 1 through 73 are realleged and incorporated by reference herein.

75.  Defendants CITY OF NEW YORK and WILLIAM BELL knew or should have known the facts set forth in paragraphs 1 through 74.

76.  Defendants CITY OF NEW YORK and WILLIAM BELL however:

a..  Failed to develop and implement programs to insure that social workers and supervisors provide proper supervision for foster children and prohibit physical assault; and

b.  Failed to develop and promulgate guidelines and procedures for the selection and supervision of social workers to eliminate or exclude those social workers who posed a danger to children's welfare; and

c.  Failed to develop and implement procedures and guidelines for the protection of foster children in foster care agencies.

77.  Defendants CITY OF NEW YORK and WILLIAM BELL knew or should have known that these failures to act would cause a violation of the constitutional rights of children in foster care.

78.  As a result of the failures of the Defendants, infant Plaintiff was subjected to serious physical injury and otherwise severely injured in the YASL foster group home licensed by AUGUST AICHHORN and supervised by the CITY OF NEW YORK.

79.  By reason of their acts or omissions, Defendants, acting under color of state law, in

gross and wanton disregard of infant Plaintiff's rights, deprived infant Plaintiff of his liberty, his privacy and his right to be free from unjustified intrusions on his personal security, in violation of the Fifth, Ninth and Fourteenth Amendments of the United States Constitution.

80.  By reason of the foregoing, Plaintiff suffered serious physical injury, severe pain and suffering, other physical and mental injuries in violation of his civil rights.  Said injuries are ongoing and may be permanent.

### THIRD CLAIM

81.  Paragraphs 1 through 80 are hereby realleged and incorporated by reference in this claim.

82.  Defendant CITY OF NEW YORK had an obligation to provide training to foster care workers and supervisors regarding:

a..  The investigation, licensing of prospective group homes and independent living homes;

b.  The selection of group homes for particular foster children and young adults;

c.  Supervision of children in foster group homes;

d.  The protection of foster children from other foster children and the proper security, safety and supervision of foster group homes.

e.  The training to prevent violence and preserve order and safety in group homes.

83. Defendant CITY OF NEW YORK failed in its obligation to provide training to its staff in the subjects listed in the paragraph 82.

84.  Defendant CITY OF NEW YORK knew or should have known that its failure to provide such training would create risks to the safety of foster children in its custody.

85.  In failing to provide adequate training to social workers and supervisors Defendant

CITY OF NEW YORK was deliberately indifferent to the welfare of foster children in its custody and to the risk of injury of those children.

86.  As  a result of the aforementioned failures of Defendants CITY OF NEW YORK and WILLIAM BELL, Plaintiff  was subjected to injury and otherwise injured,  while in the group homes complained of**.**

87.  By reason of its acts and omissions Defendant CITY OF NEW YORK and WILLIAM BELL acting under color of state statute, regulation, ordinance, custom, or usage in gross and wanton disregard of infant Plaintiff's rights, deprived infant Plaintiff of his liberty, his privacy and his right to be free from unjustified intrusions on his personal security, in violation of the Fifth, Ninth and Fourteenth Amendments of the United States Constitution.

88.  By reason of the foregoing, Plaintiff suffered serious physical injury, severe pain and suffering and other physical and mental injuries in violation of his civil rights.  Said injuries are ongoing and may be permanent.

**FOURTH CLAIM**

89.  Paragraphs 1 through 88 are hereby realleged and incorporated by reference in this claim.

89.  In failing to protect infant Plaintiff from the assault while under the supervision of Defendants CITY OF NEW YORK, AUGUST AICHHORN AND WILLIAM BELL acquiesced in the failure to protect plaintiff from violent assault, in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

90.  By reason of its acts and omissions Defendants CITY OF NEW YORK, WILLIAM BELL and AUGUST AICHHORN acting under color of state statute, regulation, ordinance, custom, or usage in gross and wanton disregard of infant Plaintiff's rights, deprived infant

Plaintiff of his liberty, his privacy and his right to be free from unjustified intrusions on his personal security, in violation of the Fourth, Fifth, Ninth and Fourteenth Amendments of the United States Constitution.

91.  By reason of the foregoing, Plaintiff suffered serious physical injury, severe pain and suffering, and other physical and mental injuries in violation of his civil rights.  Said injuries are ongoing and may be permanent.

92.  By reason of the foregoing, infant Plaintiff suffered severe injury, extreme terror, pain and suffering, physical injuries and severe mental anguish and depression.

**FIFTH CLAIM: NEGLIGENCE**

93.  Paragraphs 1 through 92 are hereby realleged and incorporated by reference in this claim.

94.  Under the common law of New York State, all of the Defendants had a duty to Plaintiff to provide a safe and secure living and to protect him from

95. Failing to act and/or acting, Defendants breached their duty to Plaintiff.

96.  The Defendant failed to properly supervise Plaintiff.

97.  Defendants actions or omissions were the proximate cause of Plaintiff's  injuries.

98.  By reason of Defendants' failures, Plaintiff suffered serious physical injury and was otherwise injured.

99.  By reason of the foregoing, Plaintiff suffered serious physical injury, severe pain and suffering, and other physical and mental injuries in violation of his civil rights.  Said injuries are ongoing and may be permanent.

**SIXTH CLAIM: SPECIAL DUTY**

100..  Paragraphs 1 through 99 are hereby realleged and incorporated by reference in this

claim.

101.  Because Plaintiff had been a foster child in foster care and remained in the custody of Defendants CITY OF NEW YORK and it's agents Plaintiff had a special relationship with Defendant CITY OF NEW YORK and its officials and employees.

102.  As a result of the special relationship, all of the Defendants had a special duty to protect Plaintiff from harm.

103.  Defendants failed to exercise reasonable care in discharging their duty to protect Plaintiff from harm.

104.  By reason of Defendants failures, Plaintiff was subjected to serious physical injuries and otherwise injured in the foster care.

105. By reason of the foregoing, Plaintiff suffered serious physical injury, severe pain and suffering, and other physical and mental injuries in violation of his civil rights.  Said injuries are ongoing and may be permanent.

.                                    **VII.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff FELIX VEGA respectfully requests that Judgment be entered against the Defendants:

A.  Awarding Plaintiff  FELIX VEGA, compensatory damages in the amount of THREE MILLION DOLLARS ($3,000,00000) plus punitive damages on the First Claim.

B.  Awarding Plaintiff  FELIX VEGA, compensatory damages in the amount of THREE MILLION DOLLARS ($3,000,00000) plus punitive damages on the Second Claim.

C.  Awarding Plaintiff  FELIX VEGA, compensatory damages in the amount of THREE MILLION DOLLARS ($3,000,00000) plus punitive damages on the Third Claim.

D.  Awarding Plaintiff  FELIX VEGA, compensatory damages in the amount of THREE

MILLION DOLLARS ($3,000,00000) plus punitive damages on the Fourth Claim.

E.  Awarding Plaintiff  FELIX VEGA, compensatory damages in the amount of THREE

MILLION DOLLARS ($3,000,00000) plus punitive damages on the Fifth Claim.

F.  Awarding Plaintiff  FELIX VEGA, compensatory damages in the amount of THREE

MILLION DOLLARS ($3,000,00000) plus punitive damages on the Sixth Claim.

G. Awarding infant Plaintiff, interest from December 16, 2003

H. Awarding infant Plaintiff, reasonable attorneys fees pursuant to 42 USCS 1988.

I.  Awarding  Plaintiff, the costs and disbursements of this action.

J. Awarding such other and further relief as the court deems just and proper.


Respectfully submitted,


New York, New York
February 23, 2005                          BRUCE A. YOUNG, ESQ.
                                           Attorney for Plaintiff
                                           FELIX VEGA
                                           181 Hudson Street, Suite 1A
                                           New York, New York   10013
                                           (212) 965-0050

AUGUST AICHHORN CENTER FOR ADULT RESIDENTIAL, INC.
YASL (Young Adult Supportive Living Program)
Young Adult Supportive Living Program
23 West 106th Street
New York, NY 10025
Attn.:  Dayna E. Brannon

LARRY FOX, Program Director
August AICHHORN Center for Adult Residential, Inc.
Young Adult Supportive Living Program
23 West 106th Street
New York, NY 10025

PAUL GREEN, staff caseworker
August AICHHORN Center for Adult Residential, Inc.
Young Adult Supportive Living Program
23 West 106th Street
New York, NY 10025

Mr. Washington, Site Supervisor
August AICHHORN Center for Adult Residential, Inc.
Young Adult Supportive Living Program
23 West 106th Street
New York, NY 10025

MICHAEL PAWEL, M.D.
15 West 72nd Street
New York, New York 10023

CARMEN L. TORRES, Administrative Director
August AICHHORN Center for Adult Residential, Inc.
Young Adult Supportive Living Program
23 West 106th Street
New York, NY 10025

ROGER YOUNGER, Case Manager
August AICHHORN Center for Adult Residential, Inc.
Young Adult Supportive Living Program
23 West 106th Street
New York, NY 10025

WILLIAM BELL
Administration for Children's Services
150  William Street
New York, New York

SARAH LOGAN-LACO, Caseworker
Administration for Children's Services
150 Williams Street
 New York, NY 10038

OLGA KOLMANODSKY, Caseworker
Administration for Children's Services
150 Williams Street
 New York, NY 10038

MARIE SANTIAGO, Caseworker
Administration for Children's Services
150 Williams Street
 New York, NY 10038

JEFFREY ANDERSON, Supervisor
Administration for Children's Services
150 Williams Street
 New York, NY 10038

CITY OF NEW YORK
ADMINISTRATION FOR CHILDREN'S SERVICES

NAOMI VALLON, Coordinator
Independent Living and Aftercare Services
JEWISH BOARD OF FAMILY AND CHILDREN'S SERVICES
Hawthorne Cedar Knolls
226 Linda Avenue
Hawthorne, New York 10532

JEWISH BOARD OF FAMILY AND CHILDREN'S SERVICES, INC.
120 West 57th Street
New York, NY 10019
Attn.: Ellen Josem, Esq.

VEGA-F.C13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------------------------------------

FELIX VEGA

                                                                    Plaintiff,

vs.

LARRY FOX, individually, and as caseworker with YASL (Young Adult Supportive Living
Program) of AUGUST AICHHORN CENTER FOR ADULT RESIDENTIAL CARE, INC.;
PAUL GREEN, individually, and as Site Supervisor with YASL of the AUGUST AICHHORN
CENTER FOR ADULT RESIDENTIAL CARE, INC.; MR. "JOHN" WASHINGTON,
individually, and as caseworker with YASL of the AUGUST AICHHORN CENTER FOR
ADULT RESIDENTIAL CARE, INC.; MICHAEL PAWEL, individually, and as Director of
August Aichhorn Center for Adult Residential Care, Inc.; CARMEN L. TORRES, individually,
and as Administrative Director of YASL of AUGUST AICHHORN CENTER FOR ADULT
RESIDENTIAL CARE, INC.; ROGER YOUNGER, individually, and as Case Manager of YASL
of AUGUST AICHHORN CENTER FOR ADULT RESIDENTIAL CARE, INC.; AUGUST
AICHHORN CENTER FOR ADULT RESIDENTIAL CARE, INC.; WILLIAM BELL,
individually, and as Commissioner of the Administration for Children's Services of the City of
New York; SARAH LOGAN-LACO, individually, and as caseworker with for the Administration
for Children's Services of the City of New York; OLGA KOLMANODSKY, individually, and as
caseworker with for the Administration for Children's Services of the City of New York; MARIE
SANTIAGO, individually, and as caseworker with for the Administration for Children's Services
of the City of New York; JEFFREY ANDERSON, individually, and as supervisor for the
Administration for Children's Services of the City of New York; CITY OF NEW YORK;
NAOMI VALLON, individually, and as Coordinator of Independent Living After Care Services
of the Jewish Board of Family and Children's Services; JEWISH BOARD OF FAMILY AND
CHILDREN SERVICES, INC.

                                                                    Defendants.

-------------------------------------------------------------------------------------------------------------

COMPLAINT

-------------------------------------------------------------------------------------------------------------

BRUCE A. YOUNG
ATTORNEY AND COUNSELOR AT LAW
181 Hudson Street, Suite 1A
New York, New York  10013
(212) 965-0050

-------------------------------------------------------------------------------------------------------------